ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-DJ 2024-062C

| | | |
|---|---|---|
| **CARLOS J. CHIESA CEDO**<br><br>Recurrido<br><br>v.<br><br>**CONSTRUCTORA ALFONZA CORP.**<br><br>Peticionario | TA2025CE00066 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Vega Alta**<br><br>Caso Núm.:<br>**VA2025CV00017**<br><br>Sobre:<br>Incumplimiento de Contrato, Daños, Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece ante nos Constructora Alfonzo Corp. (Constructora o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Vega Alta, (TPI) el 20 de mayo de 2025.[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de Constructora para levantar la anotación de rebeldía emitida en su contra.[2]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 13. Notificada y archivada en autos el 20 de mayo de 2025.
[2] Entrada Núm. 7 en SUMAC.

El 13 de agosto de 2025, el señor Carlos J. Chiesa Cedo (Sr. Chiesa Cedo o recurrido) radicó una *Moción en oposición a petición de certiorari*.

Por lo fundamentos que pormenorizamos a continuación, denegamos expedir el recurso de *certiorari*.

**I.**

El caso de marras tiene su génesis el 28 de enero de 2025 cuando el Sr. Chiesa Cedo presentó una *Demanda* en contra de Constructora en concepto de incumplimiento de contrato, cobro de dinero ordinario y daños.[3] Adujo que las partes habían otorgado un contrato para la construcción de una residencia en doce (12) meses, contados a partir del 23 de febrero de 2021 hasta el 23 de marzo de 2022. El Sr. Chiesa Cedo alegó que Constructora incumplió con dicho plazo, a pesar de haberle brindado oportunidades para culminar la obra. Ante lo anterior, reclamó una cantidad no menor de $50,000.00 en concepto de daños; una suma no menor de $50,000.00 por pérdidas económicas; y una cantidad de $52,850.00 en concepto de cobro de dinero.

Posteriormente, el Sr. Chiesa Cedo presentó una *Moción solicitando anotación de rebeldía* el 24 de abril de 2025.[4] Sostuvo que Constructora fue debidamente emplazada con copia de la

---

[3] Entrada Núm. 1 en SUMAC.
[4] Entrada Núm. 5 en SUMAC.

demanda y el emplazamiento el 19 de febrero de 2025. Adujo que, conforme a la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, Constructora tenía un término de treinta (30) días, contados a partir de la fecha de diligenciado el emplazamiento, para presentar su alegación responsiva o cualquier otra defensa permitida. Alegó que dicho término venció el 21 de marzo de 2025, y que, al momento de radicar la solicitud de anotación de rebeldía en cuestión; es decir, el 24 de abril de 2025, habían transcurrido 64 días desde que Constructora había sido emplazada. Por último, suplicó la anotación de rebeldía en contra de Constructora, a la luz de la Regla 45.1 de Procedimiento Civil, *supra,* R. 45.1.

El 25 de abril de 2025, el TPI emitió una *Orden* en la que, en lo pertinente, anotó la rebeldía de Constructora, ya que había expirado el término para que esta realizara su alegación responsiva.[5]

El 13 de mayo de 2025, Constructora radicó una *Moción asumiendo representación legal y en solicitud de dejar sin efecto la anotación de rebeldía.*[6] Expuso que, por diferentes situaciones, entre las cuales estaba que no tenía fondos disponibles para el pago de gastos legales, al momento de ser emplazada, no pudo contratar un representante legal para que asumiera su representación en el caso de marras. Adujo también que iba a radicar la contestación de la

---

[5] Entrada Núm. 6 en SUMAC. Notificada y archivada en autos el 25 de abril de 2025.
[6] Entrada Núm. 7 en SUMAC.

demanda el mismo 13 de mayo de 2025. Suplicó del foro primario que levantara la rebeldía tomando en consideración que la Regla 45.3 de Procedimiento Civil, *supra,* R. 45.3, la cual le confería la facultad al tribunal para dejar sin efecto la misma por justa causa, debía ser interpretada liberalmente, ya que nuestro ordenamiento jurídico favorecía que los casos se resolvieran en sus méritos.

Ese mismo día, Constructora presentó una contestación a demanda y una reconvención.[7] En su contestación, además de plasmar defensas afirmativas, indicó que el propio Sr. Chiesa Cedo no permitió que Constructora culminara la obra, incumpliendo así con el contrato estipulado entre las partes. Además, planteó que el Sr. Chiesa Cedo le adeudaba dinero, y negó los daños reclamados por este en la demanda, arguyendo que no existían. Por otro lado, por medio de la reconvención, Constructora reiteró que el Sr. Chiesa Cedo incumplió con el contrato por lo que solicitó una suma de $25,000.00, más los intereses que dicha cantidad generara hasta su pago total; y una cantidad no menor de $15,000.00 en gastos, costas y honorarios de abogado.

Por su parte, el Sr. Chiesa Cedo radicó una *Oposición a moción asumiendo representación legal y en solicitud de dejar sin efecto la anotación de rebeldía* el 14 de mayo de 2025.[8] Expuso que, previo a

---

[7] Entrada Núm. 8 en SUMAC.
[8] Entrada Núm. 9 en SUMAC.

la radicación de la demanda, Constructora tenía pleno conocimiento del incumplimiento contractual y de la deuda reclamada por este. Específicamente, arguyó que, el 4 de marzo de 2025, el representante legal de Constructora envió una comunicación escrita al abogado del Sr. Chiesa Cedo donde realizó una oferta transaccional y solicitó que "[l]e agradecería que me dejara saber su posición antes del 21 de marzo, fecha en que vence el término para contestar la demanda".[9] El Sr. Chiesa Cedo indicó que Constructora optó por no presentar su alegación responsiva dentro del plazo provisto en las Reglas de Procedimiento Civil, *supra*. Adujo que, en cambio, Constructora compareció por medio de la *Moción asumiendo representaci[ó]n legal y en solicitud de dejar sin efecto la anotaci[ó]n de rebeld[í]a*,[10] casi dos meses después del término que su propio representante legal reconoció por medio de la comunicación escrita. Por ende, alegó que la comparecencia dos meses después del vencimiento del plazo, no podía calificarse como justa causa.

El 15 de mayo de 2025, Constructora radicó una réplica a la oposición del Sr. Chiesa Cedo.[11] Sostuvo que, si bien era cierto que el 4 de marzo de 2025, el representante legal de Constructora le cursó un correo electrónico al Sr. Chiesa Cedo para intentar terminar el caso, también era cierto que, en esa misma

---

[9] *Íd.*, pág. 3 (Énfasis suplido en el original eliminado).
[10] Entrada Núm. 7 en SUMAC.
[11] Entrada Núm. 11 en SUMAC.

comunicación, indicó que le escribía extrajudicialmente. El abogado de Constructora alegó que dicha compañía solicitó una orientación legal, y que le cobró por la consulta y el envío del correo electrónico con el propósito de evitar el tener que levantar fondos para pagar una defensa adecuada en el caso. Expuso que, ante el rechazo de la oferta extrajudicial, Constructora se vio en la obligación de obtener fondos para poder costear su defensa. Planteó que, el mismo día en que Constructora pudo pagar los gastos de honorarios de abogado, asumió representación legal de Constructora, contestó la demanda y radicó la reconvención. Por último, suplicó del foro *a quo* que dejara sin efecto la anotación de rebeldía.

El 16 de mayo de 2025, el Sr. Chiesa Cedo presentó una *Dúplica a "Breve réplica a oposición del demandante en cuanto a solicitud de dejar sin efecto la anotación de rebeldía"*.[12] Alegó que Constructora admitió que el correo electrónico que envió su representante legal siempre tuvo como objetivo ponerle fin al caso de marras. Expresó que, por lo anterior, Constructora tenía pleno conocimiento del pleito existente, su naturaleza y los términos procesales aplicables, incluyendo el plazo para contestar la demanda que su propio representante legal reconoció en dicha comunicación. Alegó que el hecho de que la comunicación fuese extrajudicial o que buscara una transacción, no la despojaba de su

---

[12] Entrada Núm. 12 en SUMAC.

capacidad para evidenciar que las partes estuviesen representadas y conscientes de un pleito instado y notificado. Arguyó que la representación legal permitió negligentemente que dicho plazo transcurriera sin radicar alegación responsiva alguna ni solicitar una prórroga. Además, expuso que el principio de liberalidad en la interpretación de las reglas procesales incluyendo la Regla 45.3 de Procedimiento Civil, *supra,* no podía ni debía ser un subterfugio para convalidar la negligencia o la inacción injustificada.

El 20 de mayo de 2025, el foro primario emitió una *Orden* en la que declaró No Ha Lugar la solicitud de levantar la anotación de rebeldía en contra de Constructora. Fundamentó su determinación en que las razones expuestas por Constructora no constituyeron justa causa para la demora de la contestación. Además, resolvió que Constructora tenía conocimiento del caso radicado, según sus escritos, por lo que podía radicar una solicitud de prórroga previo al vencimiento del término y continuar con su interés del diálogo extrajudicial o considerar la contratación legal para el caso en sus méritos.

Insatisfecha, Constructora presentó una solicitud de reconsideración el 2 de junio de 2025,[13] la cual fue denegada por el foro primario el 4 de junio de 2025.[14]

---

[13] Entrada Núm. 15 en SUMAC; véase además, Entrada Núm. 16 en SUMAC.
[14] Entrada Núm. 17 en SUMAC. Notificada y archivada en autos el 4 de junio de 2025.

Inconforme, el 1 de julio de 2025, Constructora presentó un recurso de *certiorari* ante nos y planteó un solo señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE LEVANTAMIENTO DE REBELDÍA, CUANDO ESTE CASO REALMENTE ESTÁ EMPEZANDO Y NO SE LE HA OCASIONADO UN DAÑO REAL A LA PARTE DEMANDANTE, NI HA OCURRIDO UNA DILACIÓN EXTREMA QUE LE HAYA OCASIONADO PERJUICIO A LA PARTE DEMANDANTE.**

En síntesis, reiteró que la no disponibilidad de fondos de Constructora para el pago de gastos legales, al momento en que fue emplazada, provocó que en aquel momento no pudiera contratar abogado que la representara en la reclamación del caso de autos ante los tribunales. Sostuvo que dicha dilación no fue sustancial ni le ocasionó daño o perjuicio al Sr. Chiesa Cedo. Además, adujo que, como cuestión de derecho, todas las alegaciones del Sr. Chiesa Cedo fueron contestadas.

El 13 de agosto de 2025, el Sr. Chiesa Cedo radicó una *Moción en oposición a petición de certiorari*. En síntesis, expuso que el foro primario no abusó de su discreción ni cometió error alguno, ya que Constructora no demostró "justa causa", la cual era requisito indispensable de la Regla 45.3 de Procedimiento Civil, *supra.* También adujo que no se cumplieron con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In*

*re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), para expedir el auto de *certiorari.*

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.,* 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari. Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc., supra,* pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 486-487 (2019). La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra,* R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra,* R. 57; o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de

testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.; véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra,* pág. 487. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Íd.*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

Cuando una parte ha dejado de ejercitar su derecho a defenderse, se coloca en la posición procesal de la rebeldía. *Banco Popular v. Andino Solís*, 192 DPR 172, 179 (2015). Dicho mecanismo es <u>discrecional</u> del foro sentenciador y "siempre se debe dar dentro del marco de lo que es justo". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011). Nótese que meramente comparecer no es suficiente para evitar que a una parte se le anote la rebeldía. De la comparecencia debe surgir la intención de la parte de defenderse para evitar que la anotación proceda. Por lo tanto, cuando una parte comparece por medio de una solicitud de prórroga o moción asumiendo representación profesional, por sí sola, no es suficiente para evitar la anotación de rebeldía. *Banco Popular v. Andino Solís, supra*, pág. 180.

Ahora bien, "el propósito de la anotación de rebeldía es disuadir a aquellos que recurr[a]n de la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop, supra*, pág. 587. Esta figura " 'opera como remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse' ". *González Pagán v. Moret Guevara, supra*, pág. 1069 (citando a *Álamo v.*

*Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002)). Lo anterior, pues la justicia tardía no es justicia. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587. Como consecuencia de este tipo de anotación se dan por admitidas todas las alegaciones sobre hechos que están correctamente alegados. *Banco Popular v. Andino Solís, supra,* pág. 179; *González Pagán v. Moret Guevara, supra,* pág. 1069.

Cónsono con lo anterior, existen tres (3) fundamentos por los cuales una parte puede ser declarada en rebeldía. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587. Uno de estos es cuando una parte se niega a descubrir su prueba luego de habérsele requerido por medio de los métodos de descubrimiento de prueba o cuando una parte ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 588; véase además, Reglas 39.2(a) y 34.3(b) de Procedimiento Civil, *supra,* R. 39.2(a) y R. 34.3(b). Otra de las razones para este tipo de anotación es cuando la persona demandada no comparece al proceso judicial luego de haber sido debidamente emplazada. Si bien la parte demandada tiene el derecho de no comparecer si no lo desea, no se permite que, ante el ejercicio de esa facultad, el proceso de paralice. Precisamente, por medio de la rebeldía se permite que la causa de acción continúe dilucidándose sin que dicha parte participe, necesariamente. *Rivera Figueroa v. Joe's European Shop, supra,* págs. 588-589. Por último, la anotación de rebeldía también procede

cuando la parte demandada no contesta o alega en el término concedido por ley, habiendo comparecido previamente mediante una moción de donde no surja la intención clara de defenderse. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 588.

Precisamente, el mecanismo de la anotación de la rebeldía se encuentra en la Regla 45.1 de Procedimiento Civil, *supra,* la cual dispone que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

En otras palabras, la Regla 45.1 de Procedimiento Civil, *supra,* dispone un remedio para las instancias en las que la parte demandada no comparece a contestar la demanda o no se defiende de ningún otro modo; es decir, no presenta alegación o defensa alguna contra las alegaciones y el remedio solicitado. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589; véase ademas, Regla 10.1 de Procedimiento Civil, *supra.*

Aun así, de la Regla 45.3 de Procedimiento Civil, *supra,* se desprende la facultad del tribunal para dejar sin efecto una rebeldía. Específicamente expone que, "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". (Énfasis suplido). A esos efectos, la Regla 49.2 de Procedimiento Civil, *supra,* R. 49.2, indica que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

### III.

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y de los escritos apelativos, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo.* El expediente del caso de epígrafe no evidencia falta

alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos expedir el recurso de *certiorari*.

## IV.

Por las razones discutidas anteriormente, denegamos expedir el auto de *certiorari* y devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones